UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTINE VIOLA FLOURNAH,

    Plaintiff,

v.                                Case No:    2:15-cv-234-FtM-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

**OPINION AND ORDER**

Plaintiff, Christine Viola Flournah, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number) and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

        **A.**    **Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't. of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001); *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. §§ 1520(a)(4)(iv), 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the

use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d at 1278 n.2.

### C. Procedural History

Plaintiff filed an application for SSI on March 1, 2012, alleging disability beginning June 1, 2005, due to scoliosis and hypertension. (Tr. 143). Plaintiff's application was denied initially on March 16, 2012, and upon reconsideration on June 6, 2012. (Tr. 69, 77). Plaintiff requested a hearing and on October 16, 2013, a hearing was held before Administrative Law Judge Mary Brennan (the "ALJ"). (Tr. 25-50). On December 18, 2013, the ALJ entered an unfavorable decision. (Tr. 12-24). Plaintiff requested review of the ALJ's decision and the Appeals Council denied review on February 12, 2015. (Tr. 1-4). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on April 13, 2015.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff has not engaged in substantial gainful activity since March 1, 2012, the application date. (Tr. 14). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: scoliosis, hypertension, diabetes mellitus, depression, and schizoaffective disorder. (Tr. 14). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 14).

Before proceeding to step 4, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to

> Lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk 6 hours in an 8-hour workday, and sit 6 hours in an 8-hour workday. She could frequently balance, stoop, kneel, and crouch and occasionally climb stairs and ladders and crawl. She should avoid concentrated exposure to extreme cold, humidity, and vibration. The claimant could perform simple, routine, repetitive tasks on a sustained basis over a normal 8-hour workday with occasional interpersonal interactions with coworkers, supervisors, and the public.

(Tr. 16). At step four, the ALJ found that Plaintiff has no past relevant work. (Tr. 19).

At step five, the ALJ relied on the testimony of a VE and found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, specifically, the occupations of housekeeper/cleaner and assembler, small products. (Tr. 20). The ALJ concluded that Plaintiff was not under a disability since March 1, 2012. (Tr. 20).

## II. Analysis

Plaintiff raises three issues on appeal: (1) whether the ALJ erred by failing to accord adequate weight to the opinion of Plaintiff's treating physician, C.V. Bhat, M.D.; (2) whether the ALJ erred in analyzing the required factors when assessing Plaintiff's credibility; and (3) whether the ALJ erred by relying on VE testimony in response to an incomplete hypothetical question.

The Court begins with Plaintiff's first raised issue. Plaintiff argues that the ALJ failed to properly evaluate and assign weight to the opinion of treating psychiatrist Dr. Bhat and failed to rely upon any medical opinion evidence in determining how Plaintiff's impairments impact her RFC. (Doc. 21 p. 13). Plaintiff contends the ALJ failed to discuss the contents of Dr. Bhat's opinion or indicate the evidentiary weight he assigned to the opinion. (Doc. 21 p. 15). According to Plaintiff, the ALJ only impliedly rejected Dr. Bhat's opinions and the ALJ's reasons for doing so were not supported by substantial evidence. (Doc. 21 p. 15-16). In response, Defendant

contends that the ALJ properly discounted Dr. Bhat's opinion and the reasons the ALJ provided for doing so were supported by substantial evidence. (Doc. 22 p. 7-8).

A review of the medical record pertaining to Dr. Bhat is in order. The record shows that on June 5, 2013, Dr. Bhat performed a psychiatric evaluation of Plaintiff due to paranoid delusions and anxiety. (Tr. 296). Dr. Bhat noted that Plaintiff thinks people are watching her constantly, and she is very nevous and tries to avoid going anywhere. (Tr. 296). Plaintiff reported that she sometimes hears noises and becomes frightened. (Tr. 296). On examination, Plaintiff's mood was anxious, affect was restricted, and her perception included hallucinations and delusions. (Tr. 298). Dr. Bhat diagnosed schizoaffective disorder and prescribed Risperdal. (Tr. 299).

Plaintiff was examined by Dr. Bhat on July 3, 2013, and reported continuing paranoia and feelings that someone was going to come into her home and kill her. (Tr. 285). Dr. Bhat noted her affect was restricted, mood was anxious, and speech was slowed. (Tr. 285). Dr. Bhat increased Plaintiff's dosage of Risperdal and instructed her to follow up at the earliest available appointment. (Tr. 285).

Plaintiff was examined by Dr. Bhat on August 14, 2013. (Tr. 280). Plaintiff reported paranoid thoughts and worries. (Tr. 280). Plaintiff's affect was restricted, mood was sad, speech was slowed, and her perception delusional. (Tr. 280). Dr. Bhat instructed her to take Risperdal in the morning rather than at night and to follow up at the next earliest available appointment. (Tr. 280).

Plaintiff was examined by Dr. Bhat on September 25, 2013. (Tr. 275). Plaintiff denied hallucinations, reported that she was doing much better on Risperdal and reported that her paranoia was under control. (Tr. 275). Dr. Bhat noted that Plaintiff's affect was restricted and speech was slowed. (Tr. 275). Dr. Bhat instructed Plaintiff to continue Risperdal. (Tr. 275).

On October 9, 2013, Dr. Bhat completed a Medical Source Statement on behalf of Plaintiff. (Tr. 309-11). Dr. Bhat stated he treats Plaintiff monthly for schizoaffective disorder, and his prognosis is very guarded. (Tr. 309). Dr. Bhat indicated Plaintiff's symptoms include the following: anhedonia or pervasive loss of interest in almost all activities; blunt, flat or inappropriate affect; difficulty thinking or concentrating; paranoid thinking or inappropriate suspiciousness; emotional withdrawal or isolation; impulsive and damaging behavior; perceptual or thinking disturbances; hallucinations or delusions; hyperactivity; emotional lability; persistent disturbances of mood or affect; illogical thinking; pathologically inappropriate suspiciousness or hostility; and oddities of thought, perception, speech, or behavior. (Tr. 309).

Regarding Plaintiff's mental capacities, Dr. Bhat opined Plaintiff is unable to meet competitive standards in ability to remember work-like procedures, understand and remember very short, simple instructions, and to adhere to basic standards of neatness and cleanliness. (Tr. 310). Dr. Bhat further opined Plaintiff has no useful ability to perform various mental tasks, including the following: carrying out short simple instructions; maintaining attention for a two hour segment; maintaining regular attendance and punctuality; working in coordination with or proximity to others without being unduly distracted; making simple work-related decisions; performing at a consistent pace without an unreasonable number and length of rest periods; accepting instructions and responding appropriately to criticism from supervisors; getting along with coworkers or peers without unduly distracting them or exhibiting behavioral extremes; responding to changes in a routine work setting; dealing with normal work stress; interacting appropriately with the general public; and maintaining socially appropriate behavior. (Tr. 310).

Dr. Bhat indicated Plaintiff takes Risperdal, which has side effects of drowsiness. (Tr. 311). Dr. Bhat further indicated that Plaintiff has repeated episodes of deterioration or decompensation in work or work-like settings, which causes her to withdraw from the situation or experience exacerbation of signs and symptoms. (Tr. 311). Dr. Bhat opined Plaintiff has deficiencies of concentration, persistence, or pace resulting in failure to complete tasks in a timely manner. (Tr. 311). Dr. Bhat opined Plaintiff is likely to be off task more than 20% of the time during an 8-hour workday due to her impairments and work-related limitations. (Tr. 311).

In her opinion, the ALJ addressed Dr. Bhat's opinion as follows:

> In addition, C.V. Bhat opined that the claimant has marked mental functional limitations due to her impairments (Ex. 8F). However, the claimant's condition has improved with medication and therapy (Ex. 7F/4). Dr. Bhat's opinion is inconsistent with the claimant's most recent mental status examination that revealed improvement with medication and no more than moderate symptoms (Ex. 7F/4).

(Tr. 19). The Court agrees with Plaintiff that the ALJ's treatment of Dr. Bhat's opinion was so inadequate as to warrant remand.

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security,* 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

If an ALJ concludes that a treating physician's medical opinion should be accorded less than substantial or considerable weight, "good cause" must be shown for discounting it. *Lewis v. Callahan*, 125 F. 3d at 1440. "The Eleventh Circuit has concluded that "good cause" exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004 Failure to clearly articulate the reasons for giving less or no weight to a treating physician's medical opinion is reversible error. *Lewis v. Callahan*, 125 F. 3d 1436, 1440 (11th Cir. 1997).

In this case, the ALJ erred by failing to discuss the contents of Dr. Bhat's opinion or to even state the weight he accorded the opinion. While it is clear from the context of the ALJ's decision that Dr. Bhat's opinion was impliedly discounted, the extent to which the ALJ did so is unclear. By failing to "state with particularity the weight given to" Dr. Bhat's opinion, the ALJ violated the directive of *Winschel* which requires an ALJ specifically articulate the weight given to such an opinion. As it stands, the Court is left to speculate as to whether the opinion was given some weight, little weight, or no weight.

Furthermore, the ALJ's treatment of the medical records from Dr. Bhat is insufficient. The ALJ discounted Dr. Bhat's opinion because Plaintiff's condition has improved with medication and therapy and because it is inconsistent with Plaintiff's most recent mental status examination. (Tr. 19). In her decision, however, the ALJ only cited to Dr. Bhat's notes from Plaintiff's final examination, glossing over all other notes from Plaintiff's earlier visits to Dr. Bhat. While Plaintiff showed improvement during her last visit to Dr. Bhat, the evidence the ALJ failed to discuss is supportive of Dr. Bhat's opinion and prognosis.

Upon remand, the ALJ should specifically address Plaintiff's notes from Dr. Bhat and to state with particularity the weight given to Dr. Bhat's opinion and the reasons therefore. As the ALJ's consideration of Dr. Bhat's opinion on remand may alter her findings at the later steps of the sequential evaluation process, the Court defers from addressing the other issues raised by Plaintiff.

### III. Conclusion

The decision of the Commissioner is **REVERSED AND REMANDED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 16, 2016.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties